**Joe Louis LEA, Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr.; Silvia Garcia, Warden, Respondents—Appellees.**

**No. 04–16561.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Arguedas Cassman & Headley, LLP, Emeryville, CA, CSPI—California State Prison Ironwood, Blythe, CA, for Petitioner—Appellant.

Mary J. Graves, AGCA—Office of the California Attorney General, Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

of Justice, Sacramento, CA, Peggy S. Ruffra, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondents—Appellees.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Joe Louis Lea, a California state prisoner, appeals the denial of his habeas corpus petition under 28 U.S.C. § 2254. Lea was convicted for one count of oral copulation of a child under the age of 14, one count of sodomy of a child under the age of 14, and two counts of committing lewd acts upon a child under the age of 14. He contends that pursuant to *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), decided after the district court entered its judgment, the state appellate court's decision approving the trial court's use of the 1996 version of CALJIC No. 2.50.01, together with CALJIC No. 2.50.1, was contrary to clearly established federal law as determined by the United States Supreme Court because the trial court violated his right to due process, and committed structural error, by inviting the jury to convict him based only on propensity evidence established only by a preponderance of the evidence. We have jurisdiction under 28 U.S.C. § 2253, and following *Gibson v. Ortiz*, we reverse the district court's judgment.

Respondents contend that *Gibson* was incorrectly decided. This three-judge panel is without authority to overrule this court's case law. *See United States v. Rodriguez–Lara*, 421 F.3d 932, 943 (9th Cir.2005).

Respondents also contend that this case is distinguishable from *Gibson* because here, both the prosecutor and defense counsel repeatedly and correctly informed the jury of the prosecution's burden of proof beyond a reasonable doubt. This contention lacks merit because counsel's arguments "are weighted much less heavily in our analysis than the instructions of the trial judge." *Gibson*, 387 F.3d at 824.

We reverse the district court's judgment and remand for the court to grant a conditional writ of habeas corpus instructing the State that it may either retry Lea within an appropriate period to be determined by the district court or release him from custody.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.